IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02150-BNB

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

ANGELINA GONZALES, in her individual and official capacities as case manager for the Crowley County Correctional Facility,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Fogle has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. Mr. Fogle also asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over unspecified state law claims. As relief he seeks damages, a declaration that he is entitled to good and earned time credits, and correction of his sentence to reflect good and earned time credits that allegedly will shorten his sentence.

    The Court must construe the Prisoner Complaint liberally because Mr. Fogle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

The Court notes initially that Mr. Fogle's request to have his sentence corrected is not appropriate in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court will not address any habeas corpus claims in this action. If Mr. Fogle wishes to pursue any habeas corpus claims in this Court after exhausting state remedies, he must file an application for writ of habeas corpus on the proper form and he must name a proper Respondent.

Mr. Fogle asserts three claims in the Prisoner Complaint contending he has been denied due process because he was not awarded good and earned time credits while he was housed in administrative segregation for three years, from 2000 to 2003. Mr. Fogle does not contend that he was deprived of good and earned time credits as a result of disciplinary proceedings. He specifically claims he should have been awarded fifteen days of good time each month pursuant to Colo. Rev. Stat. § 17-22.5-301(1) (claim one); ten days of earned time each month pursuant to Colo. Rev. Stat. § 17-22.5-405(1) (claim two); and five days of extra earned time each month pursuant to Colo. Rev. Stat. § 17-22.5-302(1) (claim three). Mr. Fogle asserts that Defendant is responsible for entering good and earned time awards and that, on March 20, 2014, Defendant refused to award the good and earned time credits in question.

The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Mr. Fogle does not allege that he was deprived of life or property.  Instead, he contends that he has been deprived of constitutionally protected liberty interests in good and earned time credits created under Colorado state law.

State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Denying an inmate credits to which he has some entitlement "would deprive him of a liberty interest if those credits advance his mandatory date of release on parole."  *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).

Mr. Fogle maintains that Colorado state law has created a constitutionally protected liberty interest in the good and earned time credits in question because he is entitled to receive those credits and the failure to award the credits increases the duration of his incarceration.  More specifically, he contends that "denying or any withholding of those awards . . . would be tantamount to unlawfully increasing the length of physical incarceration the inmate (plaintiff) had a legal expectation to be required to serve (in physical confinement) when sentenced by the court."  (ECF No. 1 at 10, ¶50.)

Mr. Fogle's due process claims lack merit unless he is correct that he is entitled to the credits in question and that the failure to award those credits will increase the duration of his incarceration.  If Mr. Fogle either is not entitled to those credits or the failure to award the credits will not increase the duration of his incarceration, he cannot demonstrate he has been deprived of a constitutionally protected liberty interest.  *See*

*Fogle*, 435 F.3d at 1262.  However, even if Mr. Fogle is correct that he is entitled to the good and earned time credits in question and that the failure to award the credits necessarily increases the duration of his incarceration, the due process claims still must be dismissed because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  See *Heck*, 512 U.S. at 486-87.  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

As noted above, Mr. Fogle specifically contends he is entitled to the good and earned time credits in question and that the failure to award those credits increases the duration of his incarceration.  Under these circumstances, the Court concludes that Mr. Fogle's due process claims implicate the rule in *Heck*.  See *Kailey v. Ritter*, 500 F. App'x 766, 768-69 (10th Cir. 2012) (§ 1983 complaint by prisoner challenging failure to award meritorious sentence reduction credits allegedly required under state law "necessarily impl[ies] the invalidity of his sentence" and "must be dismissed unless Mr. Kailey can show that the sentence has already been invalidated").

4

It is apparent that Mr. Fogle has not invalidated the failure to award the good and earned time credits in question because that is part of the relief he requests in this action.  Thus, the due process claims are barred by the rule in *Heck* and must be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

As noted above, Mr. Fogle also asserts supplemental jurisdiction over unspecified state law claims.  The Court declines to exercise supplemental jurisdiction over any state law claims because the constitutional claims over which the Court has original jurisdiction will be dismissed.  *See* 28 U.S.C. § 1367(c)(3).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  24th  day of   September  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court